UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHRISTINE FRISCH
1505 Big Bend Road, Apt. 201
Waukesha, Wisconsin 53189

       Plaintiff,

v.

BADGER PROCESS SERVICE, INC.
262 West Broadway Street, Suite 9
Waukesha, Wisconsin 53186

       Defendant

Case No.: 18-cv-1816

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Christine Frisch, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin, and the unlawful

employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Christine Frisch, is an adult female resident of the State of Wisconsin with a post office address of 1505 Big Bend Road, Apt. 210, Waukesha, Wisconsin 53189.

5. Defendant, Badger Process Service, Inc., was, at all material times herein, a commercial entity with a principal address of 262 West Broadway Street, Suite 9, Waukesha, Wisconsin 53186.

6. Defendant is a process servicing company.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

**GENERAL ALLEGATIONS**

12. In approximately January 2006, Defendant hired Plaintiff into a Data Entry position.

13. In approximately June 2017, Plaintiff's employment with Defendant ended.

14. Plaintiff held and performed compensable work in her Data Entry position during the entirety of her employment with Defendant.

15. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

16. During the three year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff with an hourly or regular rate of pay of $8.00 and/or $8.50.

17. During Plaintiff's employment with Defendant, Plaintiff's job duties and/or job responsibilities included providing office, clerical, and administrative support to Defendant.

18. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

19. During Plaintiff's employment with Defendant, Plaintiff reported directly to Linda Mahler, Office Manager, who reported directly to Ronald A. Russo, Defendant's Owner.

20. During Plaintiff's employment with Defendant, Defendant did not have an established workweek for FLSA and WWPCL purposes.

21. During Plaintiff's employment with Defendant, Defendant did not have or maintain an Employee Handbook.

22. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in her Data Entry position on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge.

23. During Plaintiff's employment with Defendant, Plaintiff accurately recorded her work performed and hours worked via Defendant's handwritten timesheets.

24. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff for work performed approximately bi-monthly via check.

25. During Plaintiff's employment with Defendant and through approximately June 2017, Plaintiff frequently and regularly worked more than forty (40) hours per workweek.

26. During Plaintiff's employment with Defendant and through approximately June 2017, Plaintiff frequently and regularly worked between forty (40) and fifty-five (55) hours per workweek in her Data Entry position on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge.

27. During Plaintiff's employment with Defendant and through approximately June 2017, Defendant compensated Plaintiff at her regular hourly rate of pay ($8.00 and/or $8.50) for any and all hours worked or work performed, including any and all work performed or hours worked beyond forty (40) in a workweek.

28. During Plaintiff's employment with Defendant and through approximately June 2017, Defendant did not compensate Plaintiff at rate of time and one-half her regular rate of pay for any and all work performed or hours worked beyond forty (40) in a workweek.

29. During Plaintiff's employment with Defendant and through approximately June 2017, Plaintiff's paychecks did not properly or legally compensate her for all hours worked, including those hours worked beyond forty (40) in a workweek, as accurately recorded on Defendant's handwritten timesheets.

30. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at an overtime rate of pay for all hours worked beyond forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

31. Defendant knew or should have known that, in accordance with the FLSA and WWPCL, it must compensate Plaintiff at an overtime rate of pay for all hours worked and work performed during workweeks when she performed compensable work beyond forty (40) hours in a workweek.

32. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

33. As a result of Defendant's unlawful failure to compensate Plaintiff with overtime pay for any and all hours worked beyond forty (40) hours in a workweek, Defendant owes Plaintiff a total monetary amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

34. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

35. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

36. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

37. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during a workweek.

38. Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek was willfully perpetrated. Defendant was previously sued in United States District Court, Eastern District of Wisconsin (Milwaukee Division) for the same or similar unlawful conduct and compensation system (failure to compensate hourly paid, non-exempt employees with an overtime rate of pay for each hour worked beyond forty (40) in a workweek) as alleged by Plaintiff. Further, Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

39. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

40. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

41. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

42. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

43. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

44. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

45. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

46. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

47. Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

48. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

49. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages for the three year period immediately preceding the filing of this Complaint (ECF No. 1), including but not limited to overtime wages, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 16th day of November, 2018

             WALCHESKE & LUZI, LLC
             Counsel for Plaintiff

             **s/ *Scott S. Luzi*** _____
             James A. Walcheske, State Bar No. 1065635
             Scott S. Luzi, State Bar No. 1067405
             David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com